## Commonwealth ex rel. v. Reno, Attorney General, et al.

*Walter F. Miller*, for petitioner.

*C. James Todaro*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for respondents.

HARGEST, P. J., February 24, 1939.—This matter comes before us upon a petition alleging that relator's detention in the Dauphin County Prison is illegal.

The facts are that petitioner was sentenced April 24, 1933, to the Eastern Penitentiary for a minimum of three years and a maximum of six years; that he was released at the expiration of his minimum sentence and was thereafter under the supervision of the parole officer of the penitentiary. His maximum sentence will not expire until April 24, 1939. On February 1, 1939, he was arrested on the charge of larceny and committed in default of bail in the sum of $500, which was subsequently changed by the committing magistrate to $1,000. Pursuant to his arrest, the Board of Pardons, on February 2, 1939, issued an order for his arrest as a paroled prisoner, which order stated that he was "conditionally paroled on May 28,

1936, and in the legal custody of the Board of Pardons has violated the conditions of his parole." A detainer was lodged against him with the warden of the Dauphin County jail. He offered to give bail for the charge upon which he was arrested, but the parole officer declined to lift the detainer. He now alleges that the detainer based upon the order of arrest cannot be enforced against him until he is convicted of the charge upon which he was last arrested.

Two questions arise in this case: (1) May a parolee from a penitentiary, who is in prison charged with a new crime, be released on bail in disregard of an order of arrest issued by the Board of Pardons and a detainer lodged by the penitentiary authorities? (2) Is there any jurisdiction in the court of common pleas to try the question whether the parolee has violated the conditions of his parole?

We do not find that this question has been judicially passed upon. It involves a consideration of the Parole Acts.

Section 9 of the Act of June 19, 1911, P. L. 1055, relating to the release of convicts upon probation, provides in part:

"If it shall appear to the Board of Inspectors of any penitentiary in which a convict is imprisoned. . . that there is a reasonable probability that such applicant will live and remain at liberty without violating the law, then said board shall recommend to the Governor that such convict be released on parole, subject to such rules and regulations for such convict as said board may prescribe, until the expiration of the maximum limit of the sentence imposed on such convict".

Section 1 of the Act of May 1, 1929, P. L. 1182, as amended by the Act of May 11, 1931, P. L. 111, provides:

"Section 1. . . . That whenever it shall appear to the State Board of Pardons that a person who has been sentenced . . . and released on parole by commutation con-

taining a condition that the convict shall be subject to the terms of said act, has violated the terms of his or her parole, it shall cause a warrant to be issued for the arrest of said person, which warrant shall give all field parole agents of the Department of Justice and officers authorized by law to make arrest full authority to apprehend and detain said convict. And such officer, upon the arrest of said convict, shall notify the Board of Pardons, who shall notify the warden of the penitentiary from which said convict was released on parole to send an officer to return him to said penitentiary."

Section 2 of the Act of 1929, supra, provides:

"Section 2. Upon said convict being returned to the penitentiary, he or she shall be given an opportunity to appear before its board of trustees, and, if said board, after considering the report of the Board of Pardons, shall find that said parole has not been broken, it shall notify the Board of Pardons, whereupon the prisoner shall be released, and continue subject to the terms of said parole. But if it be found that said parole has been broken, said board shall declare such convict delinquent . . .".

The convict is thereupon required to serve the remainder of the maximum term unless sooner released on parole or pardoned.

The constitutional provision that all prisoners shall be bailable, except for capital offenses, does not apply to a prisoner on parole arrested for the violation of the conditions of his parole. Such a person is already in the technical custody of the parole officers. He is at liberty on condition that he obey the law and the rules and regulations upon which his liberty was secured, and the legislature has provided the machinery by which he is to be returned to official custody for the violation of such conditions. That machinery does not contemplate any hearing by the court prior to the return of such parolee. The machinery is that his arrest is ordered, as has been done in this case, and he is returned to the penitentiary from

662

which he came. The board of inspectors of the penitentiary is the tribunal set up to try the question of his delinquency. The court has no jurisdiction in that matter.

The relator in this case, of course, can give bail and be released from custody upon the charge which is now preferred against him, but there is no provision for giving bail pending his return to the penitentiary, and, as we have already said, the court cannot try the question whether he has violated the conditions of his parole. The court has no jurisdiction or power to set aside the order of arrest issued by the Board of Pardons. It, therefore, follows that he cannot be released in a proceeding upon habeas corpus.

And now, February 24, 1939, the petition for the writ of habeas corpus is dismissed and the writ is discharged.